```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| IVAN LEON,<br><br>    Movant,<br><br> -vs-<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | **DECISION AND ORDER**<br>**Civil Case**<br>**No. 6:16-cv-6386-MAT**<br><br><br>**Criminal Case**<br>**No. 6:06-cr-6196-MAT** |

  Movant Ivan Leon ("Leon"), through counsel, has filed a Supplemental Motion to Vacate Under 28 U.S.C. § 2255 ("§ 2255") and Request for Expedited Resentencing ("Supplemental § 2255 Motion") (Docket No. 60), in regard to his original Motion to Vacate the Judgment and Correct the Sentence Under § 2255 ("§ 2255 Motion") (Docket No. 52) based on Johnson v. United States, 135 S. Ct. 2551 (2015). In the Supplemental § 2255 Motion, Leon contends that his conviction under 18 U.S.C. § 924(c) (Count 2) must be vacated in light of the Supreme Court's recent decision in United States v. Davis, 139 S. Ct. 2319, 2336 (2019). Because Leon appears to have already served his sentence on the remaining count of conviction (Count 1), he has requested that this Court expedite review of his case.

  On November 10, 2009, Leon pleaded guilty to Count 1 and Count 2 of the Indictment. Count 1 charged him with carrying a firearm during a conspiracy to affect commerce by robbery, in violation of

-1-

18 U.S.C. § 1951(a) (Hobbs Act conspiracy). Count 2 charged him with 18 U.S.C. § 924(c)(1) (using or carrying a firearm in furtherance of a "crime of violence").

In Davis, the Supreme Court struck the residual clause of 18 U.S.C. § 924(c) as "unconstitutionally vague." 139 S. Ct. at 2336. In the absence of the now-stricken residual clause, for an offense to qualify as a "crime of violence," it must fit into 18 U.S.C. § 924(c)'s force clause, meaning it must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). However, the "United States Solicitor General has conceded that conspiracy to commit Hobbs Act robbery does not meet the requirements of the force clause: 'A Hobbs Act conspiracy need not [] lead to the commission of the planned robbery, and thus such a conspiracy does not "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another," so as to qualify as a "crime of violence" under 18 U.S.C. 924(c)(3)(A).'" Docket No. 60, p. 2 (quoting United States v. Davis, Brief for the United States, 2019 WL 629976, at *50 (citation omitted in original; brackets in original)). Post-Davis, Leon argues, Hobbs Act conspiracy categorically fails to qualify as a crime of violence. Id. Therefore, his conviction on Count 2 is void. Id.

The Government has filed a Response (Docket No. 62)

indicating its agreement with Leon that, in light of Davis, his conviction under 18 U.S.C. § 924(c) (Count 2) must be vacated since the predicate offense is conspiracy to commit Hobbs Act robbery. The Government joins Leon's request for a full resentencing hearing.

The Court agrees that Leon's conviction and sentence on Count 2 violate Due Process and that he is entitled to relief under § 2255(b) in the form of a resentencing hearing to be held as soon as practicable. Accordingly, the Court **grants** Leon's Supplemental § 2255 Motion (Docket No. 60) and § 2255 Motion (Docket No. 52); **vacates** the judgment of conviction on Count 2; and remands the case for resentencing before the original sentencing judge, U.S. District Judge David G. Larimer.

**SO ORDERED.**

*S/ Michael A. Telesca*

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: August 16, 2019
Rochester, New York